UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| BRANDY KILBURN, | : Case No. 1:21-cv-579 |
| Plaintiff, | : |
| vs. | : District Judge Michael R. Barrett |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| WARREN COUNTY JAIL, | : |
| Defendant. | : |

# REPORT AND RECOMMENDATIONS[1]

This case is currently before the Court upon Defendant Warren County Jail's Motion to Dismiss (Doc. #4); Plaintiff Brandy Kilburn's Response to Dismissal (Doc. #7); Plaintiff's Motion to Add Plaintiffs[2] (Doc. #8), and Defendant's Reply in Support of Motion to Dismiss and Response in Opposition to Plaintiff's Motion to Add Parties (Doc. #s 9-10).

In Plaintiff's Complaint, she alleges that she was denied proper medical care while in custody of the Warren County Jail in violation of the Eighth Amendment.[3] (Doc. #2, *PageID* #79). [4] Specifically, while Plaintiff was held in booking for several days, she filled out numerous grievances about her medical condition and other concerns. *Id.* She was "told that [she] was fine when [she] wasn't." *Id.* Plaintiff indicates that Defendant sent her to see her neurosurgeon and have a CAT scan. *Id.* According to Plaintiff, Defendant received a report from the hospital

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.
[2] Although Plaintiff's Motion is titled "motion to add plaintiffs," she seeks to add two defendants. (Doc. #8, *PageID* #166).
[3] Although Plaintiff does not specifically refer to the Eighth Amendment in her Complaint, she later refers to it in her response to Defendant's Motion to Dismiss. (Doc. #7, *PageID* #164) ("My Eighth Amendment right was violated.").
[4] Plaintiff attached several documents to her Complaint, including medical records and inmate grievance forms. (Doc. #2, *PageID* #s 81-151).

showing that she had an aneurysm on her carotid artery in her brain. *Id.* However, Defendant did not inform Plaintiff. *Id.* Plaintiff alleges that she had to have major brain surgery a month after her release. *Id.* For her pain and suffering, her "mistreating," improper medical care, and "[n]ot being told about [her] medical condition," Plaintiff requests damages in the amount of five million dollars. *Id.*

## Defendant Warren County Jail's Motion to Dismiss

Defendant moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff failed to state a plausible claim for two reasons. (Doc. #4, *PageID* #154). First, Defendant contends that that it is not a proper party to this case because it is not an entity that can sue or be sued. *Id.* at 157. Second, Defendant argues that Plaintiff's "threadbare allegations fail to adequately plead any Eighth Amendment violation for cruel and unusual punishment resulting from medical indifference." *Id.* at 158.

In response, Plaintiff asserts that she was "in the Warren County Jail's custody" and her "Eighth Amendment right was violated." (Doc. #7, *PageID* #164). She alleges that she was not taken care of properly or given "the option to have another Ventriculoperitoneal shunt replaced …." *Id.*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 566 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal

2

conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 566 U.S. at 678 (citing *Twombly,* 550 U.S. at 555).

The Warren County Jail, the only named Defendant in this action, is not a legal entity that is capable of being sued. *See Marbry v. Corr. Med. Servs.*, No. 99–6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (per curiam); *Black v. Montgomery Cnty. Common Pleas Ct.*, No. 3:18-CV-00123, 2018 WL 2473560, at *1 (S.D. Ohio June 4, 2018), *Report and Recommendation,* (finding that the county jail is not an entity capable of being sued), *adopted,* No. 3:18-CV-123, 2018 WL 3193220 (S.D. Ohio June 28, 2018); *Howell v. Hamilton Cty. Justice Ctr.*, No. 1:15cv303, 2015 WL 2406082, at *3 (S.D. Ohio May 20, 2015), *Report and Recommendation* (finding county jail is not a "person" that can be sued under 42. U.S.C. § 1983), *adopted*, 2015 WL 3852912 (S.D. Ohio June 22, 2015). Even liberally construing the Complaint, *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007), as against Warren County itself, Plaintiff does not allege that her constitutional rights were violated pursuant to a county policy. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690, 98 S. Ct. 2018 (1978).

Accordingly, Defendant Warren County Jail's Motion to Dismiss (Doc. #4) should be GRANTED.

### Plaintiff's Motion to Add Defendants

Plaintiff also filed a motion requesting to add Warren County Commissioner's Office and Warren County Sheriff's Office to her lawsuit. (Doc. #8, *PageID* #166). Defendant contends that Plaintiff's motion to add parties should be denied because the amendment would be futile.

3

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the Court should freely grant leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim that is plausible. *Iqbal,* 556 U.S. at 129; *Twombly,* 550 U.S. at 570.

Plaintiff's request to add the Warren County Sheriff's Office should be denied because the amendment would be futile. The Warren County Sheriff's Office, like the Warren County Jail, is not an entity capable of being sued. *See Barrett v. Wallace*, 107 F.Supp.2d 949, 954 (S.D. Ohio 2000) ("Sheriff's Office is not a proper legal entity, and, therefore, is not subject to suit or liability under 42 U.S.C. § 1983."); *Black*, No. 3:18-CV-00123, 2018 WL 2473560, at *1 (finding that the sheriff's office is not an entity capable of being sued).

Furthermore, Plaintiff's Complaint fails to state a claim for relief against the Warren County Commissioner's Office under 42 U.S.C. § 1983. A suit against the Warren County Board of Commissioners in their official capacities is treated as a suit against Warren County, the entity of which the Board of Commissioners is an agent. *See Hoskins v. Hamilton Cnty. Juv. Ct.*, No. 1:18-CV-305, 2019 WL 3780438, at *4 (S.D. Ohio Aug. 12, 2019), *Report and Recommendation* (citing *Monell*, 436 U.S. at 690); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Smith v.*

4

*Grady*, 960 F. Supp. 2d 735, 740 (S.D. Ohio 2013) (an Ohio county can be sued under § 1983 through its board of commissioners)), *adopted,* No. 1:18CV305, 2019 WL 4142716 (S.D. Ohio Aug. 30, 2019).

However, "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. To state a claim for relief under § 1983 against a county, a plaintiff must allege that her "injuries were the result of an unconstitutional policy or custom" of the county. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Monell*, 436 U.S. at 694; *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). A plaintiff may show the existence of an unlawful policy or custom by demonstrating one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Lipman v. Budish*, 974 F.3d 726, 747 (6th Cir. 2020) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)) (quotation marks omitted).

In this case, Plaintiff does not allege in her Complaint that the Board of Commissioners or Warren County had in place a policy or custom related to operation or supervision of the Warren County Jail and that such policy or custom led to her injury. *See Vo v. Ohio Dep't of Job & Fam. Servs.*, No. 1:21-CV-241, 2022 WL 794677, at *3 (S.D. Ohio Mar. 16, 2022), *Report and Recommendation* ("to state an entity-liability claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), plaintiff must identify a specific Warren County custom or policy and tie such custom or policy to the alleged constitutional injury") (citations and footnote omitted), *adopted sub nom. Vo v. Ohio Dep't of Jobs & Fam. Servs.*, No. 1:21-CV-241, 2022 WL 969552

(S.D. Ohio Mar. 31, 2022). Therefore, Plaintiff fails to state a plausible claim for relief against the Warren County Commissioners, and her request to add the Commissioners as defendants should be denied because the amendment would be futile.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Defendant Warren County Jail's Motion to Dismiss (Doc. #4) be GRANTED;

2. Plaintiff's Motion to Add [Defendants] (Doc. #8) be DENIED;

3. The case be terminated on the Court's docket.

June 28, 2022

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).